O’NIELL, J.
The state has appealed from a judgment' quashing an indictment against the defendants for the crime of murder.
There is no dispute about the facts upon which the judgment is founded. .One of the jury commissioners was elected and qualified for another office and, ipso facto, vacated the office of jury commissioner. He continued to serve, however, as a member of the commission, and participated in the selection of the 300 names that were placed on the general venire list and put into the venire box. From that list, the commission, of which the disqualified commissioner served as a member, selected 20 names for service as grand jurors, and drew 30 names for service as petit jurors. At the next term of court, the jury venire and all indictments found by the grand jury were quashed because of the disqualified commissioner’s having participated in the proceedings of the commission. Another commissioner was then appointed in place of the disqualified member, and the commission was ordered to make a new venire list of 300 names. Instead of emptying the box and making the list anew, the commissioners merely supplemented the invalid list, by adding 50 names to supply the 20 that had been selected for grand jury service and the 30 that had bean drawn for petit jury service. From the invalid list, as thus supplemented,' the jury commission then selected 20 names for grand jury sérvice and drew 30 names for petit jury service. From the 20 names thus selected was impaneled the grand jury that brought in the indictment in this case. The illegality in the proceedings is therefore the same that was found in the case of State v. Bain, 135 La. 776, 66 South. 196. On the strength of that decision, the Attorney General concedes that the judgment appealed from in this case is correct, and should be affirmed. '
The judgment is affirmed.